Frank Campbell, Respondent, *v.* The City of New York, Appellant.

Supreme Court, Appellate Term, First Department, December 16, 1926.

Municipal corporations — wages of city employees — action by painter, employed by city of New York, to recover difference between wages actually paid and prevailing rate of wages — Labor Law of 1921, § 220, subd. 3, requiring municipal corporations to pay prevailing rate of wages in locality for eight-hour day, is constitutional — plaintiff was paid from seven dollars to nine dollars per day while wage scale approved ranged from ten dollars to ten dollars and fifty cents per day — plaintiff entitled to difference.

Subdivision 3 of section 220 of the Labor Law of 1921, requiring the State and municipal corporations to pay the prevailing rate of wages paid in the locality in which the public work is being done, for an eight-hour day, is constitutional.

Accordingly, plaintiff, a painter employed in the department of plant and structures of the city of New York, is entitled to recover the difference between the wages actually paid him at the rate of seven dollars to nine dollars per day and the prevailing rate of wages of from ten dollars to ten dollars and fifty cents per day, where it appears that not only has the Master Painters' Association and the painters' union agreed upon the wage rate which plaintiff claims should be paid, but that approximately seventy-five to ninety per cent of the total number of painters engaged within the locality were paid said rate of wages, since said rate, under the circumstances, was unquestionably the prevailing rate of wages paid in the industry in which plaintiff was engaged within the city of New York.

Appeal by defendant from a judgment of the Municipal Court, Borough of Manhattan, First District, entered in favor of the plaintiff for the sum of $698.35.

*George P. Nicholson, Corporation Counsel [Elliot S. Benedict of counsel], for the appellant.*

*Sparks & Fuller [Frederick W. Sparks of counsel], for the respondent.*

Levy, J. This action was brought by the plaintiff, employed as a painter in the department of plant and structures of the city of New York, to recover the difference between the wages actually paid at the rate of seven dollars to nine dollars per day and the rate alleged to be prevailing of ten dollars per day at one period and ten dollars and fifty cents at another. Subdivision 3 of section

220 of the Labor Law of 1921 requires the city to pay the prevailing rate of wages in the locality for an eight-hour day, and it is urged that this requirement was violated by the department aforenamed. The defense is that section 220 is unconstitutional by reason of the failure of the statute to set any definable standard by which the terms " prevailing rate " and " locality " could be determined. In support of this contention, appellant cites the recent case of *Connally* v. *General Construction Company* (269 U. S. 385), in which criminal prosecutions for violations of a similar statute enacted by the State of Oklahoma were enjoined on the ground that the terms " current rate " and " locality " were entirely too indefinite to be made the basis of punishment.

But that decision would seem to have no bearing upon the duty of the State or the municipality to pay the prevailing rate of wages. In fact, in *Ryan* v. *City of New York* (177 N. Y. 271, 278) the court expressly indicated that it was " the duty of the person charged with employing plaintiff to ascertain the prevailing rate of wages for similar services in the city, and then to fix the compensation at that amount, or a still greater one, and by the section following the Legislature undertook to assure such action by the officials commanded to fix wages at *not less* than the prevailing rate by providing that an official violating the provisions of the act would be guilty of malfeasance in office, and be suspended or removed."

We do not believe that this statutory duty has been abrogated by the *Connally* decision, and the most that we can gather from it is that criminal liability may not be fastened upon a contractor who violates such a statute. Moreover, the very case cited by appellant in connection with another point (*People ex rel. Durham Realty Corp.* v. *La Fetra*, 230 N. Y. 429) completely demolishes plaintiff's contention. There (at p. 449) Judge POUND in meeting a similar situation having to do with the constitutionality of the Emergency Rent Laws, took occasion to very aptly say: " No constitutional difficulty presents itself in the way of enforcing the laws on the ground of uncertainty as to what constitutes a reasonable rent or an oppressive agreement. Courts and juries are in civil cases constantly dealing with questions of proper care, just compensation, reasonable conduct, fair market value and the like. It is quite a different thing to say that Congress may not punish the act of making ' any unjust or unreasonable rate or charge ' in dealing with necessaries because the language is too indefinite and uncertain upon which to fasten criminal liability. [ *U. S.* v. *Cohen Grocery Co.*, 255 U. S. 81.] "

The subject of the constitutionality of section 220 of the Labor

Law and the effect of the *Connally* decision have been fully discussed in the recent case of *Morse* v. *Delaney* (128 Misc. 317; affd., 218 App. Div. 826, on the opinion at Special Term). It was there indicated that there are certain well-defined rules by which the question of what is the prevailing rate of wages can easily be determined. Among these, it was pointed out, are the usual wage agreements between organizations of employers and organizations of employees in respective industries; and if a group of workmen constitute the dominating factor in the given industry, the rate fixed in such agreement could properly be called the prevailing rate. The plaintiff here proved the wage scale adopted by the agreement between the Master Painters' Association and the union of painters; that approximately 8,000 or 10,000 painters were employed at that scale, including those working not alone under such agreement but those employed under similar agreements between the labor union and independent master painters; and that the number thus employed was approximately seventy-five per cent to ninety per cent of the total number engaged in the industry within the locality. The wage rate thus fixed in these agreements was, therefore, under the circumstances, unquestionably the prevailing rate of wages. Plaintiff not having been paid that rate is clearly entitled to the difference.

The judgment awarding him that compensation must, therefore, be affirmed, with twenty-five dollars costs.

All concur; present, BIJUR, O'MALLEY and LEVY, JJ.